UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH B. GIBBS, | No.  2:14-cv-0831 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| J.R. BRADFORD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is plaintiff's first amended complaint.  ECF No. 25.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint."  Id. (in such circumstances, defendant may move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); see

1

1  also Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal appropriate when an affirmative defense
2  appears on the face of the complaint).

3      The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be
4  brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a
5  prisoner confined in any jail, prison, or other correctional facility until such administrative
6  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of available
7  administrative remedies is therefore a prerequisite to commencing a federal civil rights action.

8      A complaint may be amended to add new claims so long as the administrative remedies
9  for the new claims are exhausted prior to amendment.  Cano v. Taylor, 739 F.3d 1214, 1220-21
10 (9th Cir. 2014) (new claims added to a lawsuit via amendment that are exhausted prior to the
11 amendment comply with the exhaustion requirement); Rhodes v. Robinson, 621 F.3d 1002, 1007
12 (9th Cir. 2010) (new claims asserted in an amended complaint are to be considered by the court
13 so long as administrative remedies with respect to those new claims are exhausted before the
14 amended complaint is tendered to the court for filing).  However, if a prisoner exhausts a claim
15 after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to
16 exhaust.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); McKinney v. Carey, 311
17 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (a prisoner does not comply with exhaustion
18 requirement by exhausting available remedies during the course of litigation).  "Requiring
19 dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that
20 will further these Congressional objectives."  McKinney, 311 F.3d at 1200-01 (per curiam).

> The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances.  He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.

25 Vaden, 449 F.3d at 1051.  "Allowing Plaintiff to proceed with claims without having exhausted
26 prior to filing his complaint would create an end-run around the PLRA."  Plummer v. Bannister,
27 No. 3:11-cv-00865-ECR-WGC, 2012 WL 7655996, at *2, 2012 U.S. Dist. LEXIS 186396, at *6
28

1  (D. Nev. Sept. 18, 2012, adopted in full Feb. 25, 2013[1]) (emphasis deleted).

2  Even after Albino, when it is clear from the face of the complaint that plaintiff did not exhaust his available administrative remedies, the action must be dismissed for failure to state a claim upon which relief may be granted.  See 42 U.S.C. § 1997e(a); 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, 747 F.3d at 1166 (invalidating Wyatt's authorization of an unenumerated Rule 12(b) motion as the vehicle for defendants to assert a nonexhaustion defense); accord, Young v. Unnamed, Sec'y of CDCR, No. 14cv1013 BTM (RBB), 2014 WL 5176386, at *4, 2014 U.S. Dist. LEXIS 146472, at *8 (S.D. Cal. Oct. 14, 2014) ("[B]ased on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, the Court finds that even if Plaintiff had sufficiently alleged an Eighth Amendment claim against the Secretary, his Complaint would still be subject to dismissal.") (citations omitted); Lucas v. Director of Dept. of Corr., 2:14-cv-0590 DAD P, 2015 WL 1014037, at *4, 2015 U.S. Dist. LEXIS 27957, at *9 (E.D. Cal. Mar. 6, 2015) ("[P]laintiff's attempt to initiate federal litigation prior to his full administrative exhaustion requires dismissal of this civil action without prejudice to plaintiff's bringing of his now exhausted claims in a new civil action") (citations omitted).

3  The first amended complaint, filed November 18, 2014,[2] states that plaintiff initiated the grievance process for the claims at issue in this case on January 1, 2014, and did not exhaust his administrative remedies until September 22, 2014.  ECF No. 25 at 41.  However, the original complaint was filed March 12, 2014.  ECF No. 8.  Although the amended complaint adds citations to case law and a significant amount of additional information regarding plaintiff's ongoing cases against correctional staff at Pelican Bay State Prison, the claims and factual allegations relevant to this case are nearly identical to the original complaint.

---

[1]  2013 WL 800694, 2013 U.S. Dist. LEXIS 26009.

[2]  Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

It appears that administrative remedies were available when plaintiff filed his complaint because he states that he initiated the grievance process prior to filing his original complaint and was able to proceed through the process to the director's level and thereby exhaust his administrative remedies. It does not appear that plaintiff can reasonably assert that administrative remedies were effectively unavailable to him when he filed his complaint.[3]

However, plaintiff will be given an opportunity to show cause why this case should not be dismissed without prejudice for failure to exhaust prior to the filing of the complaint. He may also seek voluntary dismissal of this case without prejudice. Should plaintiff choose to voluntarily dismiss this case in order to initiate a new complaint, he is informed that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). This means that the time required to administratively exhaust the grievance will not count against the statute of limitations. However, a lawsuit is not part of the administrative grievance process and does not toll the statute of limitations and the court cannot and does not guarantee the timeliness of any future complaint, which will turn on circumstances unknown at this time. Failure to respond to this order will be deemed confirmation that plaintiff did not exhaust his administrative remedies and will result in a recommendation that this case be dismissed without prejudice.

Summary

Plaintiff was required to exhaust the prison grievance process before he brought his claims to the court. Because the claims in the original and first amended complaint are the same, plaintiff had to exhaust the grievance process before he filed the original complaint. The

---

[3] "[T]he requirement for exhaustion under the PLRA is not absolute." Albino, 697 F.3d at 1030. As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."). "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

1   amended complaint says that plaintiff did not exhaust the grievance process until after he filed the
2   original complaint.  Because plaintiff did not exhaust his grievances before filing the original
3   complaint, this case should be dismissed without prejudice.  Plaintiff will have fourteen days to
4   explain to the court why this case should not be dismissed even though he did not exhaust the
5   grievance process before he filed the complaint.  Plaintiff may also voluntarily dismiss this case
6   so that he can file a new complaint, but the court does not guarantee the timeliness of any new
7   complaint plaintiff may file.  If plaintiff does not respond to this order, the court will understand
8   plaintiff's silence to mean that plaintiff agrees that he did not exhaust his administrative remedies
9   before filing the complaint and the undersigned will recommend dismissal of this case without
10  prejudice.

11      Accordingly, IT IS HEREBY ORDERED that within fourteen days of service of this
12  order, plaintiff must show cause why this action should not be dismissed without prejudice for
13  failure to exhaust his administrative remedies prior to filing the original complaint.  Plaintiff may
14  also seek to voluntarily dismiss this case without prejudice.  Failure to respond will result in a
15  recommendation that this case be dismissed without prejudice.

16  DATED: January 7, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE